UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


CHARLES R. SMITH                                                                PLAINTIFF


        VS.                          Civil No. 2:14-cv-02187-MEF


CAROLYN W. COLVIN,                                                          DEFENDANT
Commissioner of Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Charles R. Smith, brings this action under 42 U.S.C. § 405(g), seeking judicial review

of a decision of the Commissioner of the Social Security Administration ("Commissioner")

denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security

Act (hereinafter "the Act"). In this judicial review, the court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision. *See* 42

U.S.C. § 405(g).


## I.        Procedural Background:

Plaintiff filed his application for SSI on September 14, 2012, alleging an onset date of October

23, 1991, due to attention deficit hyperactivity disorder ("ADHD"), antisocial disorder, and

developmental delays. (T. 160) Plaintiff's applications were denied initially and on

reconsideration. (T. 86-89, 97-98) Plaintiff then requested an administration hearing, which was

held in front of  Administrative Law Judge ("ALJ"), Hon. Edward M. Starr, on June 27, 2013.

Plaintiff was present, represented by counsel.

At the time of the hearing, Plaintiff was 21 years of age, and had graduated from high school, but was in a special education program. (T. 27, 161) While Plaintiff worked at Abilities Unlimited during high school, he did not have any past relevant work experience. (T. 27, 165, 166)

On September 16, 2013, the ALJ found Plaintiff's ADHD and borderline intellectual functions severe. (T. 13) Considering the Plaintiff's age, education, work experience, and the residual functional capacity ("RFC") based upon all of his impairments, the ALJ concluded Plaintiff was not disabled from September 14, 2012, through the date of his Decision issued September 16, 2013. The ALJ determined Plaintiff had the RFC to perform a full range of work at all exertional levels, but with the following non-exertional limitations: Plaintiff could perform simple, routine, repetitive tasks in a setting where interpersonal contact was incidental to the work performed; and, Plaintiff could work under supervision that was simple, direct, and concrete. (T. 15)

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on July 16, 2014. (T. 1-4) Plaintiff then filed this action on August 29, 2014. (Doc. 1) This case is before the undersigned pursuant to consent of the parties. (Doc. 7) Both parties have filed briefs, and the case is ready for decision. (Doc. 12 and 14)

## II.    Applicable Law:

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v. Astrue*, 638 F.3d 611, 614 (8th Cir. 2011). The Court must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial

evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the Court must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §1382c(a)(3)(D). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 416.920(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920(a)(4)(v).

### III.    Discussion:

The Court must determine whether substantial evidence, taking the record as a whole, supports the Commissioner's decision that Plaintiff had not been disabled from the date the application was filed September 24, 2012, through the date of the ALJ's Decision issued September 16, 2013. Plaintiff raises two issues on appeal, which can be summarized as: (A) the ALJ's RFC determination was inconsistent with the record; and, (B) Plaintiff could not perform the jobs identified at step-five. (Doc. 12, pp. 5-11)

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and they are repeated here only to the extent necessary.

### RFC Determination:

Plaintiff argues that the ALJ's RFC assessment was not supported by substantial evidence. (Doc. 11, pp. 12-17) The Court agrees.

RFC is the most a person can do despite that person's limitations.  20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004).  "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations."  *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009); *see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations).  Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).

4

The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, a claimant's RFC assessment "must be based on medical evidence that addresses the claimant's ability to function in the workplace." "An administrative law judge may not draw upon his own inferences from medical reports." *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). Instead, the ALJ should seek opinions from a claimant's treating physicians or from consultative examiners regarding the claimant's mental and physical RFC. *Id.*; *Strongson v. Barnhart,* 361 F. 3d 1066, 1070 (8th Cir. 2004.)

Plaintiff argues the ALJ's RFC determination was inconsistent with the facts in the record and was not supported by substantial evidence. (Doc. 12, pp. 6-10) In deciding whether a claimant is disabled, the ALJ considers medical opinions along with "the rest of the relevant evidence" in the record. *Wagner v. Astrue*, 499 F.3d 842, 849 (8th Cir. 2007) (quoting 20 C.F.R. § 404.1527(b)).

In his Decision, the ALJ gave great weight to the opinion of Dr. Terry Efird, a psychologist and state agency medical consultant, and only some weight to the opinion of Dr. Robert L. Spray Jr., another psychologist and state agency medical consultant; determining that Dr. Efird was an independent examiner whose "opinion [wa]s consistent with his examination findings indicating that although the claimant functioned in a low average range of intelligence, he exhibited adequate social behavior and performed serial threes and delayed reaction without difficulty." (T. 18) On the other hand, the ALJ concluded that Dr. Spray's opinion was vague and failed to specify the Plaintiff's functional capacity. (T. 18)

In reviewing the examinations conducted by both Dr. Efird and Dr. Spray, the Court observes that both consultative examiners analyzed the same effect of Plaintiff's mental impairments on his adaptive functioning and discussed Plaintiff's daily activities; capacity to communicate and

5

interact; capacity to cope with work-like tasks; ability to attend and sustain concentration; ability to sustain persistence; and, capacity to complete work-like tasks. Dr. Spray opined that Plaintiff might have difficulty in a job setting, stating "he would have difficulty with sustained attention and concentration," "he m[ight] need encouragement to persist with tasks that he f[ound] more difficult," that his processing speed was below average, and that he might have trouble completing tasks in a timely manner. (T. 223) On the other hand, Dr. Efrid opined that Plaintiff had no remarkable problems with persistence, he appeared to have the mental capacity to persist with tasks if desired, and he was capable of performing basic work like tasks within a reasonable time frame. (T. 255-256)

Whether or not Plaintiff had the ability to maintain attention and concentration is the linchpin in this case. The vocational expert testified if Plaintiff had difficulty with sustained attention and concentration, putting him off task 20 percent of the time, it would eliminate the jobs, thus, rendering the Plaintiff disabled. (T. 58)

The Eighth Circuit has held "it is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians. The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole." *Pearsall,* 274 F.3d at 1219. In the present case, the ALJ determined Dr. Efird's opinion was more consistent with the record as a whole. (T. 18) In his Decision, the ALJ was quick to point out that Plaintiff made A's and B's throughout high school (T. 17); however, the ALJ did not mention Plaintiff was enrolled in special education classes, and he graduated with a 1.0 grade point average and was ranked 343 out of 358 students. (T. 204) Furthermore, Dr. Spray's testing revealed a full IQ score of 73. Plaintiff's index scores were as follows: verbal comprehension score of 87, perceptual reasoning score of 85, a working memory score of 69, a processing speed

score of 76, and a general ability score of 79. (T. 221) Dr. Spray opined Plaintiff was functioning in the borderline range of intelligence and he had relative strength in verbal reasoning, even though he had a significant weakness in working memory.  Plaintiff had a history of being treated for ADHD as well as anger management. Dr. Spray opined that while Plaintiff was not mentally retarded, he had limitations. (T. 222) Dr. Spray diagnosed Plaintiff with undiagnosed Asperger's, ADHD, borderline intellectual functioning, and assessed a Global Assessment of Functioning score of 60-70. (T. 222)

Based upon the existing conflict between the opinions of Dr. Efird and Dr. Spray, the Plaintiff requested, and the ALJ denied (T. 205), a third independent examination of the Plaintiff and a medical source statement to determine Plaintiff's RFC and obtain an accurate description of how Plaintiff's limitations would affect him on a daily basis in a work setting. (T. 197) The Court finds this request reasonable.  The ALJ owes a duty to a Plaintiff to develop the record fully and fairly to ensure his decision is an informed decision based on sufficient facts. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). "The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Halverson v. Astrue*, 600 F.3d 922, 933 (8th Cir. 2010)

After reviewing the record as a whole, the undersigned finds neither of the examinations detailed what Plaintiff could mentally sustain in the real world; thus, the ALJ's Decision was not supported by substantial evidence and remand is necessary.  In *McCoy,* 683 F.2d at 1147 (abrogated on other grounds by *Forney v. Apfel,* 524 U.S. 266, 267, 118 S.Ct. 1984, 141 L.Ed.2d 269 (1998)), the Eighth Circuit noted that the residual functional-capacity evaluation must be a realistic evaluation of Plaintiff's ability to work "day in and day out ... in the sometimes competitive and stressful conditions in which real people work in the real world." On remand, the

ALJ is to obtain a consultative examination complete with a full mental RFC detailing Plaintiff's specific limitations he can perform day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world.

Further, Dr. Spray provided a provisional diagnosis of Asperger's. "Asperger syndrome (AS) is an autism spectrum disorder (ASD), one of a distinct group of complex neurodevelopment disorders characterized by social impairment, communication difficulties, and restrictive, repetitive, and stereotyped patterns of behavior." http://www.ninds.nih.gov/disorders/asperger/detail_asperger.htm (last visited July 30, 2009) "Some children with AS may develop anxiety or depression in young adulthood.  Other conditions that often co-exist with Asperger syndrome are Attention Deficit Hyperactivity Disorder (ADHD), tic disorders (such as Tourette syndrome), depression, anxiety disorders, and Obsessive Compulsive Disorder (OCD)." *Id.* On remand, the ALJ is directed to develop the record regarding the possibility of Plaintiff's Asperger's syndrome, its severity, and the impact it might have on Plaintiff's ability to work.

### IV.    <u>Conclusion:</u>

Based on the foregoing, I must reverse the decision of the ALJ and remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 5th day of August, 2015.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

8